IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOE PINO**                                                                                          **PLAINTIFF**

v.                                                                            CASE NO. 1:21-cv-00316-HSO-RHWR

**RONALD WOODALL,** *et al*                                                             **DEFENDANTS**

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

BEFORE THE COURT is the [13] Motion for Preliminary Injunction filed by Plaintiff Joe Pino. Defendants have not been served in this case and did not receive notice of the [13] Motion; therefore, they did not have an opportunity to file a Response. For the reasons that follow, the undersigned United States Magistrate Judge recommends denying the [13] Motion for Preliminary Injunction.

### I. BACKGROUND

Plaintiff Joe Pino ("Plaintiff" or "Pino"), proceeding pro se in forma pauperis, filed a [1] Complaint pursuant to 42 U.S.C. § 1983 in this Court on October 8, 2021. At that time, Plaintiff was incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. *See* Compl. [1] at 6. The [1] Complaint advances claims against "R. Woodall MD" and "N. Stevenson NP" for alleged violations of the Eighth Amendment to the United States Constitution. Plaintiff specifically alleges that Defendants acted with deliberate indifference towards his unspecified "medical problem" that severely affects his "general health." *Id.* at 3-4.

1

On January 6, 2022, Plaintiff filed the instant [13] Motion for Preliminary Injunction, seeking a Court order requiring Defendants to begin an unspecified "diagnostic process." Mot. [13] at 1. As Defendants have yet to be properly served, they have no notice of this motion and have thus not had an opportunity to respond.

## II. **DISCUSSION**

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). Although a court may issue a temporary restraining order ("TRO") without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that they are entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

In this case, because Plaintiff has not provided Defendants notice of his request for injunctive relief, the Court must construe his [13] Motion solely as one for a TRO. Plaintiff, however, fails to satisfy the requirements for a TRO under Rule 65(b). He has not submitted an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before Defendants can be heard in opposition. Nor has he provided a written certification of any efforts to

2

give notice or proffered any reasons why notice should not be required. Accordingly, Plaintiff's [13] Motion is subject to denial for this reason alone.

Assuming arguendo that Plaintiff could satisfy the procedural requirements to warrant granting a TRO, he has nonetheless failed to establish the substantive requirements. A court should issue injunctive relief only if the movant establishes the following: "(1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 219 (5th Cir. 2010); *see DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

At this early stage of the litigation, Plaintiff has failed to establish the first element – a likelihood of success on the merits of his Eighth Amendment deliberate indifference claim. To succeed on an Eighth Amendment deliberate indifference claim, Plaintiff must prove that a prison official "disregard[ed] a substantial risk of serious harm by failing to take reasonable measures to abate it, and that the delay resulted in substantial harm." *Delaughter v. Woodall*, 909 F.3d 130, 138 (5th Cir. 2018) (citations omitted). Plaintiff's generalized assertion that he cannot get diagnosed or treated for an unspecified medical problem allegedly affecting his "general health," compl. [1] at 4, is insufficient to establish the existence of a

3

substantial risk of serious harm. And Plaintiff's admission that the alleged delay of additional treatment is based on negative x-rays, *id.* at 14, tends to show that reasonable measures have been taken and that his medical needs have not been disregarded. Additionally, Plaintiff's generalized assertion that Defendants alleged delay of medical treatment has placed his "life in jeopardy" is insufficient to show a resulting substantial harm. Thus, Plaintiff has failed to establish a substantial likelihood of success on the merits to warrant a TRO.

Even if Plaintiff could demonstrate a likelihood of success on the merits, he has failed to allege sufficient facts to succeed on the latter three elements. Plaintiff has neither alleged nor shown a substantial threat of irreparable injury if injunctive relief is not granted, that the allegedly threatened injury outweighs any resulting harm to Defendants from granting injunctive relief, or that granting injunctive relief will not result in an adverse impact on the public interest.

In sum, because Defendants did not receive notice of Plaintiff's injunctive relief request, his [13] Motion must be construed as a request for a TRO, not a preliminary injunction. Plaintiff, however, has failed to satisfy the procedural or substantive requirements to warrant granting a TRO. Thus, the undersigned must recommend denying the [13] Motion.

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends denying the [13] Motion for Preliminary Injunction.

## IV. <u>NOTICE OF THE RIGHT TO OBJECT</u>

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he or she objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 27th day of April 2022.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE