IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOE PINO** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil No. 1:21-cv-316-HSO-RHWR** |
| | § | |
| **R. WOODALL, et al.** | § | **DEFENDANTS** |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23] AND DENYING PLAINTIFF'S MOTION [13] FOR PRELIMINARY INJUNCTION

BEFORE THE COURT is United States Magistrate Judge Robert H. Walker's Report and Recommendation [23], which recommends denying Plaintiff Joe Pino's Motion [13] for Preliminary Injunction. Plaintiff Joe Pino has not objected to the Report and Recommendation [23] and the time for doing so has passed. After due consideration of the Report and Recommendation [23], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [23] should be adopted and that Plaintiff Joe Pino's Motion [13] for Preliminary Injunction should be denied.

I. BACKGROUND

On October 8, 2021, pro se Plaintiff Joe Pino ("Plaintiff" or "Pino") filed a Complaint [1] in this Court pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment rights. Compl. [1] at 3. Pino claims that while incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, he was denied proper medical care and that Defendants "R. Woodall MD" and "N. Stevenson NP" acted with deliberate indifference to his medical needs. *Id*. 2-4. In

response to the Court's Order [9] directing Pino to provide the name and address of each person who denied him medical treatment, Pino identified "Dr. Scott" and two John Does as additional Defendants. *See* Order [9] at 1; Resp. [10] at 3-6; Order [11] at 1 (directing the Clerk of Court to add these parties as Defendants to this action). The docket reveals that Pino has failed to properly serve Defendants.

On January 6, 2022, Pino filed the present Motion [13] for Preliminary Injunction, seeking a Court order requiring the "medical provider[s]" at SMCI to "jumpstart" an unspecified "diagnostic process." Mot. [13] at 1. Because Defendants have not been properly served, they have not received notice of this Motion [13] and have not filed a response.

On April 27, 2022, the Magistrate Judge entered a Report and Recommendation [23] recommending that Pino's Motion [13] for Preliminary Injunction be denied. First, the Magistrate Judge noted that Defendants had not been given adequate notice of the Motion [13] under Federal Rule of Civil Procedure 65(a) and thus, the Magistrate Judge construed Pino's Motion [13] as a request for a temporary restraining order ("TRO") rather than one for a preliminary injunction. R & R [23] at 2. Next, the Magistrate Judge found that Pino had failed to comply with Rule 65(b)'s procedural requirements for a TRO because he had not submitted an affidavit or verified complaint in support of his Motion [13], nor had he provided the Court with a written notification of any efforts he made to give Defendants notice of his Motion [13] or why notice should not be required. *Id*. at 2-3 (citing Fed. R. Civ. P. 65(b)).

2

The Magistrate Judge also found that Pino's Motion [13] failed to satisfy the substantive requirements for a TRO. *Id.* at 3. The Magistrate Judge determined that Pino had not demonstrated a substantial likelihood of success on the merits, *id.*, and that Pino

> ha[d] neither alleged nor shown a substantial threat of irreparable injury if injunctive relief [was] not granted, that the allegedly threatened injury outweighs any resulting harm to Defendants from granting injunctive relief, or that granting injunctive relief will not result in an adverse impact on the public interest.

*Id.* at 4. For these reasons, the Magistrate Judge recommended that Pino's Motion [13] should be denied.

The Report and Recommendation [23] was mailed to Pino on April 27, 2022, at his address of record. Any objection to the Report and Recommendation [23] was due within fourteen (14) days of service, or no later than May 16, 2022.[1] *See* L.U. Civ. R. 72(a)(3); Fed. R. Civ. P. 6(a), (d). To date, Pino has not filed any objection to the Magistrate Judge's Report and Recommendation [23].

## II.  DISCUSSION

Because Pino has not objected to the Magistrate Judge's Report and Recommendation [23] and the time for doing so has passed, the Court is not required to conduct a de novo review of it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court need only review the Report and Recommendation [23] and determine whether it is

---

[1] Pino was given three additional days to file an objection, in accordance Federal Rule of Civil Procedure 6(d), because the Report and Recommendation [23] was mailed to him.

clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having conducted the required review, the Court finds that the Report and Recommendation [23] is neither clearly erroneous nor contrary to law and that it should be adopted as the finding of the Court. Pino's Motion [13] for Preliminary Injunction should be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [23], entered in this case on April 27, 2022, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Joe Pino's Motion [13] for Preliminary Injunction is **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 20th day of May, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE